# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| OTIS ANDRE GUTHRIE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-16-1148-D |
| CPL DANIEL T. HALL, BADGE 342, individually, and CITY OF MUSTANG, | ) | |
| Defendants. | ) | |

## ORDER

On June 21, 2017, counsel for Plaintiff, who practices in Texas, entered her appearance in this case [Doc. No. 24]. Pursuant to the local rules of this Court, it is incumbent upon an attorney to obtain admittance to practice here. *See* LCvR 83.2(a) ("The bar of this court shall consist of those attorneys admitted to practice before this court who have taken the prescribed oath and who have signed the roll of attorneys of this judicial district."). A nonresident attorney may be admitted pro hac vice, but must associate local counsel. *See* LCvR 83.3 ("[w]hen representing a party in this court, any attorney who is not a resident of, and does not maintain an office in, Oklahoma shall show association with an attorney who is personally appearing in the action and who is a resident of Oklahoma and maintains a law office within

the State of Oklahoma, and who has been duly and regularly admitted to practice in this court.").[1]

A review of the record shows that Plaintiff's counsel is not a member of this Court, nor has she, as prescribed by local rule, associated herself with local counsel. Accordingly, she is not admitted to practice in this case. Although the Court acknowledges counsel's representation that she is attempting to obtain local counsel (*see* Pl. Mot. for Extension of Time at 1), she has had ample opportunity to do so. Accordingly, the Court directs Plaintiff's counsel to associate herself with local counsel within **seven (7) days** of the date of this Order.

**IT IS SO ORDERED** this 30th day of October 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] "The requirement that out-of-state attorneys associate with local counsel serves three important purposes: (1) members of the local bar are familiar with the rules and customs of this Court and are expected to educate pro hac vice attorneys on, and enforce, those rules and customs; (2) members of the local bar of this Court are more readily available than pro hac vice attorneys for conferences and other matters that arise in the course of litigation, and (3) the Court looks to members of the local bar to serve as a liaison between it and pro hac vice attorneys and to ensure effective communications between the Court and pro hac vice attorneys." *In re Stewart*, No. 15-12215-JDL, 2017 WL 1185171, at *2 (Bankr. W.D. Okla. Mar. 29, 2017) (citing *Ingemi v. Pelino & Lentz, P. C.*, 866 F.Supp.156, 162 (D.N.J. 1994)).